MEMORANDUM ***
Hector Danilo Diaz-Aparacio (“Diaz-Aparacio”), a native and citizen of El Sal *781 vador, petitions for review of a Board of Immigration Appeals (“BIA”) decision upholding an Immigration Judge’s (“IJ”) denial of applications for asylum, withholding of removal, and protection under the United Nations Convention Against Torture (“CAT”). Diaz-Aparacio raises three issues for review: (1) he claims the BIA abused its discretion and denied him due process by rejecting his untimely brief, (2) he claims his petition for asylum was timely; and (3) he claims substantial evidence does not support the BIA’s denial of his application for asylum.[1] We deny the petition for review in part and dismiss in part for lack of jurisdiction.
Diaz-Aparacio’s first contention fails because we do not have jurisdiction to review an abuse of discretion challenge to the BIA’s rejection of an untimely brief, see Zetino v. Holder, 596 F.3d 517 (9th Cir.2010), and due process is not denied when the BIA rejects a brief that was untimely as the result of petitioner’s counsel’s own mistake, see Rojas-Garcia v. Ashcroft, 339 F.3d 814, 822 (9th Cir.2003). Here, Diaz-Aparacio’s counsel admits that the brief was untimely as a result of his own difficulty with a new computer operating system. Furthermore, the proceeding was not “so fundamentally unfair that the alien was prevented from reasonably presenting his case,” Ibarra-Flores v. Gonzales, 439 F.3d 614, 620 (9th Cir.2006), because the BIA did not summarily dismiss the appeal but instead reached the merits and affirmed the IFs finding in a reasoned decision.
Diaz-Aparacio’s second contention fails because he filed his asylum application more than one year after he entered the United States and he cannot demonstrate the existence of extraordinary circumstances that would allow the consideration of his untimely application under 8 U.S.C. § 1158(a)(2)(D). Diaz-Aparacio claims his inability to obtain documents from El Salvador constituted an extraordinary circumstance. This is not an enumerated extraordinary circumstance under 8 C.F.R. § 1208.4(a)(5), and we have never recognized it as an extraordinary circumstance. His application was thus time-barred. See 8 U.S.C. § 1158(a)(2)(B).
Because Diaz-Aparacio’s asylum application is time-barred and he does not raise his withholding of removal or CAT claims in his petition for review, we need not decide whether substantial evidence supports the BIA’s determination that he did not establish a nexus between his fear of guerilla or military recruitment and a protected ground such as race, religion, nationality, membership in a particular social group, or political opinion. We note, however, that guerilla or military recruitment is not a protected ground. See INS v. Elias-Zacanas, 502 U.S. 478, 481-82, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (holding that guerilla organization’s repeated attempts to conscript a petitioner into its military forces does not constitute persecution on account of a protected ground).
PETITION DISMISSED IN PART, DENIED IN PART.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. Diaz-Aparacio does not challenge the BIA's denial of his applications for withholding of removal or CAT protection in his petition for review. Accordingly, he has waived any challenge to those determinations. See Martinez-Serrano v. INS, 94 F.3d 1256, 1260 (9th Cir.1996).